JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ROBERT ADAMSON et al., Defendants; ALEXANDER B. HALLIDAY, Appellant, and W. WALLACE LYON et al., Respondents, Impleaded with Others.

(Argued November 30, 1936; decided December 31, 1936.)

*Louis Newman* and *Karl R. Miner* for appellant.

*William P. Cavanaugh* and *Harry H. Bernstein* for respondents.

LOUGHRAN, J. This action was brought to recover from the appellant, as the holder of record of 265 shares of the capital stock of the Bank of the United States, the amount of a statutory assessment. Appellant made a cross-claim for indemnity against the respondents to whom he had sold his stock the day before the bank was closed. The cross-claim has been dismissed on a finding of fact that on the same day the respondents resold the same stock to others. The only question is whether there is any evidence to support this finding.

In several aspects the fact situation is a familiar one. Here again, " the contracts of sale and of resale were made on the day before the closing of the bank and delivery was made thereafter." Here, too, " no title to identified stock passed either upon the original sale or upon the resale prior to the closing of the bank." Once more the fact is that, " The purchaser from the stockholder of record dealt in numerous blocks of stock." (*Broderick* v. *Alexander* [*Kahn*], 268 N. Y. 306, 311, 312.) As in that case, the

issue here is whether the purchasers terminated their liability to the record owner through " actual transfer of the beneficial ownership, by resale of the specific stock to which the beneficial ownership attached " (p. 313).

That stock was evidenced by four certificates, two for 100 shares each, one for 50 and one for 15 shares. These 265 shares were acquired by the respondents for their own account as part of a lot of 275 shares purchased from brokers acting for the appellant, the additional 10 shares being evidenced by a certificate in the name of a third person. Immediately after their purchase of the 275 shares, the respondents agreed to sell an equal number of shares in lots of 50, 100, 100, 15 and 10. A record made at the time described the 275 shares as bought by the respondents from Reinhart & Bennet (the appellant's brokers) and denominated a vendee of each of the five lots of shares. Those transactions were carried on by the respondents without knowledge of the number of any certificate for any shares involved and without knowledge of the identity of the record owner in any instance. After the bank had closed, one person so named by the respondents as a vendee received from them two of the certificates standing in the name of the appellant in part performance of a committtment to make delivery of a larger number of shares. Two others so named received from the respondents certificates never owned by the appellant, and two of the four certificates registered in his name were delivered by the respondents upon transactions wholly unrelated to this controversy. The courts below have found: " That there is no evidence to show how many shares of the Bank of United States Lyon, Clokey & Co. [the respondents] bought before or after the purchase of 275 shares from Reinhart & Bennet."

On these facts, the case is ruled by *Broderick* v. *Alexander (Kahn) (supra)*, and *Broderick* v. *Adamson (Greif)* (270 N. Y. 260). There is no need to repeat what was said in those cases. The proof here fails to establish that

before the closing of the bank, the respondents had agreed to sell or transfer to others the *same* stock they had purchased from the appellant.   We have no concern now with any right of the respondents against any of their vendees.

The judgments in so far as appealed from should be reversed and judgment directed in favor of the appellant, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Judgment accordingly.